Michele M. Myer (#13815)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT
Telephone: (212) 415-9200
Fax: (801) 933-7373
myer.michele@dorsey.com

Bruce R. Ewing (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Fax: (801) 933-7373
ewing.bruce@dorsey.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**<br><br>Case No.: 2:25-cv-00639-DBB-CMR<br><br>JURY TRIAL DEMANDED |

Plaintiffs Uyte, LLC ("Uyte") and SEG Hockey, LLC ("SEG") (collectively, "Plaintiffs"), by and through their attorneys, hereby answer the counterclaims of Defendant Mammoth Hockey, LLC ("Defendant"), Dkt. 28 (the "Counterclaims"), as follows:

1. In response to the allegations set forth in paragraph 1 of the Counterclaims, Plaintiffs admit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. In response to the allegations set forth in paragraph 2 of the Counterclaims, Plaintiffs admit that, in the alternative, this Court would have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this action is a civil action wherein the matter in controversy

exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

3.    In response to the allegations set forth in paragraph 3 of the Counterclaims, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs.

4.    In response to the allegations set forth in paragraph 4 of the Counterclaims, Plaintiffs admit that venue is proper in this District pursuant to 28 U.S.C. § 1391.

5.    Plaintiffs admit the allegations set forth in Paragraph 5 of the Counterclaims.

6.    Plaintiffs admit the allegations set forth in Paragraph 6 of the Counterclaims.

7.    Plaintiffs admit the allegations set forth in Paragraph 7 of the Counterclaims.

8.    Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Counterclaims, except for the allegations that Defendant is located in Portland, Oregon and that it sells highly durable hockey bags, which are admitted.

9.    Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Counterclaims.

10. Plaintiffs admit that Defendant sells highly durable hockey bags under the designation "Mammoth Hockey," accompanied by the red logo shown at Paragraph 10 of the Counterclaims. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10.

11. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 11 of the Counterclaims.

12. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Counterclaims.

13. Plaintiffs deny saturating the market with the UTAH MAMMOTH mark. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 13 of the Counterclaims.

14. Plaintiffs admit that Defendant maintains Instagram, Facebook, and YouTube accounts and uses the red logo shown at Paragraph 10 in connection with its social media accounts. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 14 of the Counterclaims.

15. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 15 of the Counterclaims.

16. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16 of the Counterclaims.

17. Plaintiffs admit the allegations set forth in Paragraph 17 of the Counterclaims as to SEG and deny such allegations as to Uyte.

18. Plaintiffs admit the allegations set forth in Paragraph 18 of the Counterclaims.

19. Plaintiffs admit the allegations set forth in Paragraph 19 of the Counterclaims as to Uyte and deny such allegations as to SEG.

20. Plaintiffs admit the allegations set forth in Paragraph 20 of the Counterclaims.

21. Plaintiffs admit that an Examining Attorney at the U.S. Patent & Trademark Office (the "PTO") issued non-final office actions initially refusing registration to certain trademarks that were the subject of applications filed by Plaintiff Uyte. Plaintiffs deny the remaining allegations set forth in Paragraph 21 of the Counterclaims.

4902-5854-4243\1

22. Plaintiffs admit they had moved on from the name UTAH YETI by January 29, 2025, but deny that the allegations set forth in Paragraph 22 are a complete recitation of the facts associated with the events described in this Paragraph.

23. Plaintiffs admit that one of their representatives contacted Mike Lundin in February of 2025.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Lundin "sponsored Defendant when it launched its Mark and Logo in 2014."  Plaintiffs admit that their representative asked Mr. Lundin about Defendant and its owners.  Plaintiffs deny the remaining allegations set forth in Paragraph 23 of the Counterclaims.

24. Plaintiffs admit they did not directly contact Defendant about their intentions to use the UTAH MAMMOTH mark, because they were aware that Defendant already knew of the UTAH MAMMOTH mark, based on Defendant's social media posts dating back to as early as June 7, 2024.  In that June 7, 2024 post, Defendant commented on Facebook that it was "partial" to the UTAH MAMMOTH trademark. Complaint at ¶ 25.

25. Plaintiffs admit that Erik Olson contacted Rachel Moffitt, assistant to the President of Hockey Operations for the then Utah Hockey Club, to discuss "a possible collaboration" between his company and the Utah Hockey Club if "the Utah Hockey Club ends up being the Mammoth next season" on April 14, 2025.  Complaint at ¶ 26.  Plaintiffs admit that Moffit wrote to Olson via email on April 24, 2025, saying that the Club would "keep this partnership in mind should things end up moving in that direction," referring to the Club's possible selection of the UTAH MAMMOTH trademark. Complaint at ¶ 27.  Plaintiffs deny the remaining allegations set forth in Paragraph 25 of the Counterclaims.

4902-5854-4243\1

26. Plaintiffs admit that the article linked at Paragraph 26 of the Counterclaims, dated April 30, 2025, states that "according to an ESPN report, the name of the team's official YouTube channel was briefly changed from @UtahHockeyClub to @UtahMammoth" and that "[s]creenshots taken by fans went viral." Plaintiffs deny the remaining allegations set forth in Paragraph 26.

27. Plaintiffs admit the allegations set forth in Paragraph 27 of the Counterclaims.

28. Plaintiffs deny that the store at the Delta Center is "their only physical store," as Utah Mammoth merchandise is available for purchase at the physical NHL store in New York City, among other physical locations. Plaintiffs admit the remaining allegations set forth in Paragraph 28 of the Counterclaims.

29. Plaintiffs deny "flood[ing] the market with merchandise" and deny that any hockey bags "bear[]" the UTAH MAMMOTH trademark. Plaintiffs admit that they sell UTAH MAMMOTH goods through internet advertising and online sales, and deny the remaining allegations set forth in Paragraph 29 of the Counterclaims.

30. Plaintiffs admit that an Examining Attorney at the PTO has issued a final office action initially refusing registration to the UTAH MAMMOTH trademark absent a disclaimer of the term "UTAH." Plaintiffs deny the remainder of Paragraph 30 of the Counterclaims and further aver that Plaintiffs' efforts to contest the requirement of such disclaimer are ongoing.

31. Plaintiffs admit on June 10, 2025, Defendant's counsel wrote a letter to Plaintiffs' counsel, which was filed as Dkt. 2-1, the contents of which speak for themselves. Plaintiffs deny the characterizations of such correspondence as set forth in Paragraph 31 of the Counterclaims.

4902-5854-4243\1

32. Plaintiffs admit on June 23, 2025, Plaintiffs' counsel wrote a letter to Defendant's counsel, which was filed as Dkt. 2-2, the contents of which speak for themselves.  Plaintiffs deny the characterizations of such correspondence as set forth in Paragraph 32 of the Counterclaims.

33. Plaintiffs admit on July 31, 2025, Defendant's counsel wrote a letter to Plaintiffs' counsel, which was filed as Dkt. 2-3, the contents of which speak for themselves.  Plaintiffs deny the characterizations of such correspondence as set forth in Paragraph 33 of the Counterclaims.

34. Plaintiffs admit the allegations set forth in Paragraph 34 of the Counterclaims.

35. Plaintiffs deny the allegations set forth in Paragraph 35 of the Counterclaims.

36. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 36 of the Counterclaims.

37. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 37 of the Counterclaims.

38. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 38 of the Counterclaims.

39. Plaintiffs deny the allegations set forth in the first, third, fifth and sixth sentences of Paragraph 39 of the Counterclaims.  Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in this Paragraph of the Counterclaims.

40. Plaintiffs deny the allegations set forth in Paragraph 40 of the Counterclaims.

41. Plaintiffs deny the allegations set forth in Paragraph 41 of the Counterclaims.

42. Plaintiffs deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "Defendant has potential plans to expand its business."  Plaintiffs deny the remaining allegations set forth in Paragraph 42 of the Counterclaims.

43. In response to the allegations set forth in Paragraph 43 of the Counterclaims, Plaintiffs reiterate their responses to all of the foregoing paragraphs as though fully set forth herein.

44. Plaintiffs deny the allegations set forth in Paragraph 44 of the Counterclaims.

45. Plaintiffs deny the allegations set forth in Paragraph 45 of the Counterclaims.

46. Plaintiffs deny the allegations set forth in Paragraph 46 of the Counterclaims.

47. Plaintiffs deny the allegations set forth in Paragraph 47 of the Counterclaims.

48. Plaintiffs deny the allegations set forth in Paragraph 48 of the Counterclaims.

49. Plaintiffs deny the allegations set forth in Paragraph 49 of the Counterclaims.

50. Plaintiffs deny the allegations set forth in Paragraph 50 of the Counterclaims.

51. In response to the allegations set forth in Paragraph 51 of the Counterclaims, Plaintiffs reiterate their responses to all of the foregoing paragraphs as though fully set forth herein.

52. Plaintiffs deny the allegations set forth in Paragraph 52 of the Counterclaims.

53. Plaintiffs deny the allegations set forth in Paragraph 53 of the Counterclaims.

54. Plaintiffs deny the allegations set forth in Paragraph 54 of the Counterclaims.

55. Plaintiffs deny the allegations set forth in Paragraph 55 of the Counterclaims.

56. Plaintiffs deny the allegations set forth in Paragraph 56 of the Counterclaims.

57. Plaintiffs deny the allegations set forth in Paragraph 57 of the Counterclaims.

58. Plaintiffs deny the allegations set forth in Paragraph 58 of the Counterclaims.

59. In response to the allegations set forth in Paragraph 59 of the Counterclaims, Plaintiffs reiterate their responses to all of the foregoing paragraphs as though fully set forth herein.

4902-5854-4243\1

60. Plaintiffs deny the allegations set forth in Paragraph 60 of the Counterclaims.

61. Plaintiffs deny the allegations set forth in Paragraph 61 of the Counterclaims.

62. Plaintiffs deny the allegations set forth in Paragraph 62 of the Counterclaims.

63. Plaintiffs deny the allegations set forth in Paragraph 63 of the Counterclaims.

64. Plaintiffs deny the allegations set forth in Paragraph 64 of the Counterclaims.

65. Plaintiffs deny the allegations set forth in Paragraph 65 of the Counterclaims.

66. Plaintiffs deny the allegations set forth in Paragraph 66 of the Counterclaims.

67. In response to the allegations set forth in Paragraph 67 of the Counterclaims, Plaintiffs reiterate their responses to all of the foregoing paragraphs as though fully set forth herein.

68. Plaintiffs deny the allegations set forth in Paragraph 68 of the Counterclaims.

69. Plaintiffs deny the allegations set forth in Paragraph 69 of the Counterclaims.

70. Plaintiffs deny the allegations set forth in Paragraph 70 of the Counterclaims.

71. Plaintiffs deny the allegations set forth in Paragraph 71 of the Counterclaims.

## AFFIRMATIVE DEFENSES

1.  The Counterclaims fail to state claims on which relief may be granted.

2.  Defendant's claims are barred, in whole or in part, by the doctrine of laches.

3.  Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

4.  Defendant's claims are barred, in whole or in part, by the doctrine of acquiescence.

5.  Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

6.  Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

4902-5854-4243\1

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

1.  Enter judgment in favor of Plaintiffs on all causes of action pleaded by Defendant and dismiss such claims with prejudice;

2.  Award Plaintiffs all of the relief sought in their August 1, 2025 complaint, including but not limited to the recovery of their reasonable attorneys' fees and costs; and

3.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all claims and defenses on which a jury trial may be had.

Dated:  October 16, 2025

*/s/ Michele M. Myer*
Michele M. Myer
myer.michele@dorsey.com
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
(801) 933-7360

Bruce R. Ewing
ewing.bruce@dorsey.com
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9200

*Attorneys for Plaintiffs*

4902-5854-4243\1

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October, 2025, a true and correct copy of the

foregoing **PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS** was served

electronically upon all counsel of record via the Court's CM/ECF filing system.


*/s/    Jacqueline Ervin*