R. Jeremy Adamson (12818)
Catherine M. Maness (16885)
BUCHALTER
A Professional Corporation
60 E. South Temple, Suite 1200
Salt Lake City, Utah 84111
(801) 401-8625
jadamson@buchalter.com
cmaness@buchalter.com

Gerald W. Griffin (*admitted pro hac vice*)
Leonardo Trivigno (*admitted pro hac vice*)
Meredith Spelman (*admitted pro hac vice*)
Janice J. Kwon (*admitted pro hac vice*)
Allison Guerra (*admitted pro hac vice*)
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, New York 10005
(212) 238-8610
griffin@clm.com
trivigno@clm.com
spelman@clm.com
kwon@clm.com
guerra@clm.com

*Attorneys for Mammoth Hockey, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON THE BASIS OF COMMON INTEREST AND RELEVANCE**<br>[REDACTED VERSION]<br><br>Case No.: 2:25-cv-00639-DB-CMR<br><br>Judge David Barlow<br><br>Chief Magistrate Judge Cecilia M. Romero |

Pursuant to DUCivR 7-1(a)(4)(D), Defendant Mammoth Hockey, LLC ("Mammoth Hockey") moves to compel Plaintiffs Uyte, LLC ("Uyte") and SEG Hockey, LLC ("SEG," and collectively, "Plaintiffs") to produce the documents identified in Exhibit A appended to the Declaration of Gerald W. Griffin, dated July 31, 2026 ("Griffin Decl.").

## PRELIMINARY STATEMENT

This motion seeks the disclosure of relevant, non-privileged documents in two categories: (1) communications Plaintiffs disclosed to third parties—[redacted]

[redacted]

In Category 1, Plaintiffs do not meet the exacting standard for common interest protection, which requires that recipients share an "identical, not similar" legal interest. *Frontier Refin., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 705 (10th Cir. 1998) (citation omitted). [redacted]

[redacted] [redacted] However, it is well accepted that attachments to relevant documents, particularly those relied on by the parties, are

---

[redacted]

[3] Citations to "Ex." refer to the exhibits appended to the Griffin Decl.

discoverable. Indeed, both the federal rules and operative stipulation require disclosure. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) (a "party must produce documents as they are kept in the usual course of business"); ESI Protocol § 3(e) ("[H]ardcopy documents will be produced in a manner that reflects accurate document unitization including reasonably available attachment and container/custodian information.").[4]

**BACKGROUND**

This is a trademark dispute involving claims of infringement, unfair competition, and deceptive trade practices. Discovery in the matter has been substantial. Plaintiffs have produced more than 90,000 pages, including over 15,000 pages in June and July 2026, and asserted privilege over more than 1,300 documents. Griffin Decl. ¶ 3. Since October 2025, Plaintiffs have produced documents on a rolling basis and continued supplementing their productions through July 27, 2026. *Id.* Plaintiffs served an initial privilege log on February 16, 2026, a supplemental log on April 23, and an amended log on July 23 ("Amended Log"). *Id.* ¶ 4. The Amended Log identified, for the first time, participant email addresses and included documents that Plaintiffs clawed back or located in the preceding months. *Id.* ¶ 10, Ex. E. Prior to the Amended Log, none of Plaintiffs' privilege logs identified the affiliations or email addresses of individuals appearing in the log. *Id.*

[redacted] On July 16, Plaintiffs maintained their common-interest assertions, largely predicated on the [redacted]. Ex. G at 2-3. Plaintiffs affirmed that position during an

---

[4] "ESI Protocol" refers to the Order Granting Joint Stipulation for Entry of ESI Protocol, ECF 56.

additional meet-and-confer on July 22, during which Plaintiffs refused to produce attachments to the [redacted]. Griffin Decl. ¶ 5.

***Category 1***. The first category of challenged documents includes allegedly privileged communications disclosed to [redacted] for which Plaintiffs claim a common interest. [redacted]

[redacted]

[redacted] *See, e.g.*, Ex. E at PRIV0002, PRIV0034, PRIV0111,

---

[5] [redacted]. Without an exception to the waiver of attorney-client privilege, Plaintiffs should produce those documents. *See, e.g.*, Ex. E at PRIV0162, PRIV0286, SEGH00062356, SEGH00062376.

[6] [redacted]

PRIV0114. Plaintiffs assert that communications involving [redacted] Ex. G at 3.

[redacted]

## ARGUMENT

### I. Category 1: The Challenged Communications Were Disclosed to Third Parties and Are Not Protected by the Common Interest Doctrine

The common interest doctrine is a "narrowly construed" exception to the general rule that disclosure of privileged information to a third party waives privilege. *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019) (quoting *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999)).[7] The doctrine does not expand the attorney-client privilege and only applies when different parties share a "legal, not solely commercial," interest. *KPH Healthcare Servs., Inc. v. Mylan N.V.*, 2022 WL 17471572, at *4 (D. Kan. Dec. 6, 2022). The "key consideration is that the nature of the interest be identical, not similar." *Frontier*, 136 F.3d at 705 (quoting *NL Indus., Inc. v. Commercial Union Ins. Co.*, 144 F.R.D. 225, 230-31 (D.N.J. 1992)). As several courts in this Circuit have recognized,

[7] In federal-question cases, like this one, "where a federal court has supplemental jurisdiction over a state law claim, federal privilege law controls when the allegedly privileged evidence is relevant to both the federal and state law claims." *Est. of Crookston v. United States*, 2023 WL 8789509, at *2 (D. Utah Dec. 19, 2023). Here, the allegedly privileged evidence is relevant to both the federal and state law claims asserted by the parties.

similar, parallel, or mutually reinforcing interests are not enough. *See, e.g.*, *Brigham Young Univ. v. Pfizer, Inc.*, 2011 WL 2516935, at *3 (D. Utah June 23, 2011) ("the nature of the interest must be *identical, not similar*" (quoting *Frontier*, 136 F.3d at 705) (emphasis in original)). Moreover, agreements imposing duties of confidentiality or "to determine jointly a course of action in response to a potential infringement claim," do not establish the requisite "identical legal interest." *See, e.g.*, *KPH*, 2022 WL 17471572, at *11 ("the parties' agreement to determine jointly a course of action in response to a potential infringement claim . . . doesn't suffice to create an identical legal interest to which the common interest doctrine applies").

The party asserting privilege has the burden to "prove its applicability," and that burden must be carried as to the specific communications withheld or redacted—not through blanket characterizations of an entire relationship. *Burke*, 935 F.3d at 1023 (quoting *Foster*, 188 F.3d at 1264). [redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted] In *KPH*, Pfizer owned patents for EpiPen devices, which Mylan marketed and sold under an exclusive license agreement. *Id.* at *8-12. In addition, Pfizer and Mylan entered a separate common-interest agreement in connection with patent litigation concerning EpiPens. *Id.* at *8. [redacted]. Relying on the Tenth Circuit's decision in *Frontier*, the court held that until Pfizer transferred ownership of its patents to Mylan, the licensing and common-interest agreements did not establish an identical legal interest because Pfizer retained ownership and held approval rights over the intellectual property. *Id.* at *11. [redacted]

[redacted]

[redacted]

[redacted] In *KPH*, Pfizer and Mylan had a written common-interest agreement that the court found insufficient because the underlying legal interests were not identical: "the parties' agreement to determine jointly a course of action in response to a potential infringement claim or in patent litigation [] doesn't suffice to create an identical legal interest to which the common interest doctrine applies." 2022 WL 17471572, at *11. Common interest, as a defense against a waiver of attorney-client privilege, inherently

involves confidential communications. But any requirements of confidentiality between parties does not in itself create an identical legal interest.[8] *See id.*

[redacted]

[redacted]

[redacted] [redacted]

[redacted] is similarly far from any identical legal interest shared with Plaintiffs necessary for a common interest. As a [redacted] Ex. G at 4. Although Plaintiffs proffer that they shared a common interest in the [redacted] that is not an "identical legal interest," merely a commercial interest in the same outcome. *KPH*, 2022 WL 17471572, at *11. Ample authorities establish that such third-party vendor relationships are

---

[redacted]

insufficient. *See, e.g.*, *Utah First Federal Credit Union v. University First Federal Credit Union*, 2024 WL 3510989 (D. Utah July 22, 2024). In *Utah First*, a credit union shared counsel's trademark and branding advice with RedKor, an outside branding consultant assisting with a rebrand. *Id.* at *6, 10. The Court held that disclosure to RedKor waived the privilege. *Id.* at *13. Although the credit union and RedKor both wanted to avoid legal complications from the rebrand, that interest was "merely a function of their commercial relationship." *Id.* at *12.

[redacted] does not give the vendor a legal interest, much less an identical one. Indeed, every vendor has an interest in performing its services lawfully and avoiding problems for its client. That is not a legal interest, just a commercial one. [redacted]

[redacted] had no reasonable expectation of

confidentiality. Accordingly, on this record, Plaintiffs have not met their "burden of establishing the applicability of the attorney-client privilege." *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183-84 (10th Cir. 2010) (citation omitted).

**II. Category 2: Plaintiffs Have No Basis to Withhold Relevant Attachments**

[redacted] Furthermore, the ESI Protocol in this case requires that productions preserve "accurate document unitization and reasonably available attachment information." ESI Protocol § 3(e). Plaintiffs should therefore be compelled to produce the withheld attachments. [redacted]. *Cook v. Rain Int'l, LLC*, 2023 WL 2383305, at *1 (D. Utah Mar. 6, 2023) (courts "broadly construe relevance, and a discovery request is considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party"). [redacted]. It is fundamentally unfair to allow Plaintiffs to pick and choose which portions of a relevant agreement to produce, particularly where they rely on one attachment while withholding all others. *McNabb v. City of Overland Park*, 2014 WL 1152958, at *4 (D. Kan. Mar. 21, 2014) ("Plaintiff is entitled

to production of responsive documents, not just those documents or parts of documents that Defendant unilaterally deemed relevant.”).

## CONCLUSION

For the foregoing reasons, Mammoth Hockey respectfully requests an order directing Plaintiffs to produce the challenged documents or, in the alternative, requiring an *in camera* review of the challenged documents.

Date: July 31, 2026

*/s/ Gerald W. Griffin*

Gerald W. Griffin (*admitted pro hac vice*)
Leonardo Trivigno (*admitted pro hac vice*)
Meredith Spelman (*admitted pro hac vice*)
Janice J. Kwon (*admitted pro hac vice*)
Allison Guerra (*admitted pro hac vice*)
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, New York 10005
(212) 238-8610
griffin@clm.com
trivigno@clm.com
spelman@clm.com
kwon@clm.com
guerra@clm.com

R. Jeremy Adamson (12818)
Catherine M. Maness (16885)
BUCHALTER
A Professional Corporation
60 E. South Temple, Suite 1200
Salt Lake City, Utah 84111
(801) 401-8625
jadamson@buchalter.com
cmaness@buchalter.com

*Attorneys for Mammoth Hockey, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2026, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON THE BASIS OF COMMON INTEREST AND RELEVANCE** was served upon all counsel of record electronically, through the Court's CM/ECF filing system.

*/s/ Gerald W. Griffin*

Gerald W. Griffin

**CERTIFICATE OF COMPLIANCE**

I, Gerald W. Griffin, hereby certify that **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IMPROPERLY WITHHELD ON THE BASIS OF COMMON INTEREST AND RELEVANCE** contains 3,090 words and complies with DUCivR 7-1(a)(4).

*/s/ Gerald W. Griffin*

Gerald W. Griffin

**DUCivR 37-1(b)(2)(A) CERTIFICATION**

Pursuant to DUCivR 37-1(b)(2)(A), counsel for Defendant certifies that Defendant informed Plaintiffs of the deficiencies detailed above in a letter dated July 3, 2026, and that the parties met and conferred through written correspondence, and then through a telephone conference on July 13 and July 22, 2026, and that the parties have reached an impasse with respect to these disputes. Leonardo Trivigno, Janice Kwon, and Meredith Spelman, representing Defendant, participated in the July 13 telephone conference, with Michele Myer and Cameron Bonk, representing Plaintiffs. Gerald Griffin, Janice Kwon, and Meredith Spelman, representing Defendant, participated in the July 22 telephone conference with Bruce Ewing, representing Plaintiffs. All counsel of record were included in the correspondence on the subject.

*/s/ Gerald W. Griffin*

Gerald W. Griffin