John C. Grugan (No. 19147)
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, PA 19103
Phone: 215.252.9650
John.Grugan@hklaw.com

Shannon Armstrong (*pro hac vice pending*)
Lisa Howley (*pro hac vice pending*)
HOLLAND & KNIGHT LLP
601 SW 2nd Avenue, Suite 1800
Portland, OR 97204
Phone: 503.243.2300
Shannon.Armstrong@hklaw.com
Lisa.Howley@hklaw.com

*Counsel for Non-Party NHL Enterprises, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>*Defendant*. | **NON-PARTY NHL ENTERPRISES, INC.'S OPPOSITION TO DEFENDANT'S SHORT-FORM MOTION TO COMPEL**<br><br>Case No.: 2:25-cv-00639-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia Romero |

Non-party NHL Enterprises, Inc. ("NHL") hereby files this Opposition to Defendant Mammoth Hockey, LLC's ("Defendant") Short-Form Discovery Motion to Compel, ECF 71, pursuant to DUCivR 37-1(b).

**ARGUMENT**

Defendant's motion should be denied because Defendant failed to take reasonable efforts to resolve this dispute under DUCivR 37-1(a), and its subpoena violates the Court's scheduling orders and Rule 45.

First, Defendant failed to meaningfully attempt to resolve this dispute. During the parties' conferral on July 20, 2026, the NHL discussed its objections on timeliness, overbreadth, and

burden, but stated that the NHL remained "open to exploring a path to resolution," requested "documents reflecting [Defendant's] efforts to serve the subpoena by the June 1 deadline," and asked Defendant to "narrow the document requests only to those documents that are highest priority and would not be available through party discovery." Defendant refused both requests. Thus, Defendant failed to meaningfully comply with DUCivR 37(a)(1).

Second, Defendant's subpoena violates the Court's scheduling orders. *See Holmes v. Utah*, 2014 WL 1329352, at *1 (D. Utah Apr. 2, 2014) (requiring subpoenas to comply with fact discovery deadlines). The deadline to serve fact discovery was June 1, 2026. (ECF 44.) Defendant did not serve the subpoena until June 25, more than three weeks later. Defendant contends its subpoena is timely because it was served before the July 1 discovery cutoff, but that is wrong. June 1 was the deadline to *serve* the subpoena on the NHL. July 1 was the latest possible date for the NHL's *compliance* with the subpoena and is irrelevant to the timeliness of service. The cases Defendant cites are factually distinguishable because, unlike here, they involved evaded service or the late realization that a non-party possessed relevant documents, which justified the untimely service. *See Amann v. Off. of Utah Att'y Gen.*, 2023 WL 8283855, at *3 (D. Utah Nov. 30, 2023) (noting non-party evaded service so the court allowed alternative service after discovery cutoff); *City of Orem v. Evanston Ins. Co.*, 2017 WL 3731242, at *2 (D. Utah Aug. 29, 2017) (excusing untimely subpoena because it only sought a single document identified after the deadline and the non-party did not assert any burden).

Third, and most fatal, Defendant's motion fails to refute the NHL's burden objections. (*See* ECF 71-2.) Defendant does not dispute that the subpoena is duplicative, seeks documents already requested from plaintiffs, is overbroad, and improperly seeks privileged and confidential information. (*See id.*) *See J&I Maint., Inc. v. J&I Maint. LLC*, 2025 WL 743961, at *3 (D. Utah

Mar. 7, 2025) (quashing subpoena requests as burdensome because they requested identical information available from a party). Accordingly, Defendant fails to establish that the subpoena does not impose undue burden on the NHL, and its motion should be denied.

**CONCLUSION**

The Court should deny Defendant's motion and not allow Defendant to circumvent the scheduling orders or standards for non-party discovery. To the extent the Court considers granting the motion, the NHL respectfully asks to submit additional briefing to further demonstrate the burdens on the NHL.

DATED: August 3, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/John C. Grugan*
John C. Grugan (No. 19147)
Shannon Armstrong (*pro hac vice pending*)
Lisa Howley (*pro hac vice pending*)

*Counsel for Non-Party NHL Enterprises, Inc.*

**CERTIFICATION OF WORD LIMIT COMPLIANCE**

NHL hereby certifies that this response contains 500 words, exclusive of the caption and signature block, and therefore complies with the 500-word limit set by Local Rule 37-1(b)(3).

**CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2026, undersigned counsel served the foregoing upon counsel of record in this matter.

*/s/John C. Grugan*
John C. Grugan