Michele M. Myer (#13815)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (212) 415-9200
Fax: (801) 933-7373
myer.michele@dorsey.com
*Attorneys for Plaintiffs*

Bruce R. Ewing (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Fax: (801) 933-7373
ewing.bruce@dorsey.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT FORM MOTION TO COMPEL THIRD-PARTY NHL ENTERPRISES, INC. TO RESPOND TO SUBPOENA**<br><br>Case No.: 2:25-cv-00639-DBB-CMR<br><br>Judge David Barlow<br>Magistrate Judge Cecilia Romero |

Defendant's subpoena to the National Hockey League ("NHL") is untimely because of its own delay. Defendant was aware of the NHL's connection to the UTAH MAMMOTH trademarks at issue in this case from inception. *See* Dkt. 2, ¶¶ 1, 13; Dkt. 28 (Counterclaims), ¶ 17. Both parties have relied on news articles documenting the connection between these trademarks and the NHL. Dkt. 28 (Counterclaims), ¶¶ 17, 18, 20; Dkt. 31-1 through 31-6, 31-8; Dkt. 38-1, 38-2, 38-3, 38-5, 38-7. Indeed, nine of Defendant's first set of document requests served on November 3, 2025 referenced the NHL.

Plaintiffs began producing communications with individuals using an @nhl.com email address on January 21, 2026, and numerous such communications were produced thereafter into February 2026, when the bulk of Plaintiffs' production was completed. On February 6, 2026, Plaintiffs produced a Joinder Agreement through which, *inter alia*, Plaintiff SEG Hockey, LLC entered into an exclusive license agreement with NHL Enterprises (the target of this motion)

concerning the UTAH MAMMOTH marks, along with the license itself. Thus, no later than February 6, Defendant knew that the NHL and NHL Enterprises were non-parties in possession of relevant documents.

During the balance of February until late May, Defendant served no subpoenas, sent no deficiency letters to Plaintiffs, and noticed no depositions. Then, in late May, Defendant abruptly advised that it wanted to depose eight individuals associated with Plaintiffs and take two Fed. R. Civ. P. 30(b)(6) depositions; served interrogatories for the first time; served supplemental document requests; and also purported to serve five non-party subpoenas. The timing of all of this discovery was no accident, since June 1, 2026 was the deadline to serve written discovery. Dkt. 44, ¶ 4(b).

Defendant's belated barrage of discovery made it impossible for fact discovery to be completed by the deadline of July 1, 2026. Accordingly, Plaintiffs reluctantly agreed to extend time for discovery that was initiated by the June 1, 2026 cutoff to be completed by July 31, with nothing occurring thereafter except for reasonable, discrete document requests made at depositions. The proposed order extending fact discovery to July 31 therefore stated that "no deadlines set forth in the Scheduling Order that have already expired are hereby extended." *See* Dkt. 60. The Court thereafter agreed to extend fact discovery to July 31, 2026, without changing (or reviving) any other deadlines in the Scheduling Order. Dkt. 61.

To the extent Defendants served a subpoena to NHL Enterprises after June 1, 2026, that subpoena was untimely, and there is no good cause to relieve Defendant of its failure to proceed with greater diligence. Defendant consciously decided to delay pursuing substantial discovery until late May as part of a tactical effort to burden Plaintiffs and third parties associated with them. Defendant's failure to comply with the June 1 deadline is solely the product of the strategic choices it made, and the Court should not relieve Defendant of the consequences of such choices.

Dated: August 3, 2026

Michele M. Myer
myer.michele@dorsey.com
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
(801) 933-7360

*/s/ Michele M. Myer*
Bruce R. Ewing (*pro hac vice*)
ewing.bruce@dorsey.com
DORSEY & WHITNEY LLP
51 West 52nd Street
New York, NY 10019
(212) 415-9200

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August 2026, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S SHORT FORM MOTION TO COMPEL THIRD-PARTY NHL ENTERPRISES, INC. TO RESPOND TO SUBPOENA** was served electronically upon all counsel of record via the Court's CM/ECF filing system.

*/s/ Jacqueline Ervin*