Michele M. Myer (#13815)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (212) 415-9200
Fax: (801) 933-7373
myer.michele@dorsey.com
*Attorneys for Plaintiffs*

Bruce R. Ewing (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
1301 Avenue of the Americas 13 Fl.
New York, NY 10019
Telephone: (212) 415-9200
Fax: (801) 933-7373
ewing.bruce@dorsey.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Case No.: 2:25-cv-00639-DBB-CMR<br><br>Judge David Barlow<br>Magistrate Judge Cecilia Romero<br><br>**REDACTED VERSION** |

## INTRODUCTION

Plaintiffs Uyte, LLC and SEG Hockey, LLC ("SEGH") (together, "Plaintiffs") respectfully submit this opposition to the motion to compel production of documents of Defendant Mammoth Hockey, LLC ("Defendant") (the "Motion").

## FACTUAL BACKGROUND

**[redacted] Plaintiffs' [redacted] Common Interest [redacted]**

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

1 [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

## ARGUMENT[2]

**A. Communications [redacted] Common Interest Privilege**

Defendant contends the common interest doctrine does not protect [redacted] Dkt. 80 at 6. Defendant is wrong, and the principal common interest case on which it relies, *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 U.S. Dist. LEXIS 219982 (D. Kan. Dec. 6, 2022) ("*KPH*"), is readily distinguishable.[3]

Both the Tenth Circuit and the District of Utah have "recognized the common-interest doctrine, which 'normally operates as a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party.'" *Trans-Western Petroleum, Inc. v. Wolverine Gas & Oil Corp.*, No. 2:06-cv-801-TS-PMW, 2011 U.S. Dist. LEXIS 144744, at *10-11 (D. Utah Dec. 15, 2011) (citing *Frontier Ref. Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 705 (10th Cir. 1998); *In re Qwest Commc'ns Int'l*, 450 F.3d 1179, 1195 (10th Cir. 2006)). Utah also recognizes the common interest privilege. *See* Utah R. Evid. 504(b)(2)(A)-(B).

---

[2] Defendant, citing *Est. of Crookston v. United States*, No. 1:21-cv-00102, 2023 LEXIS 23245, at *7 (D. Utah Dec. 19, 2023), argues federal privilege law controls this Motion involving both federal and state claims. Dkt. 80, n. 7. However, in *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1369 (10th Cir. 1997), the Tenth Circuit held that when both federal claims and pendent state claims are implicated, courts should consider both bodies of law. If both point to the same result, however, a court need not address which applies. *Id.* Here, based on the authorities cited below, and Utah R. Evid. 504(b), applying either federal or Utah law results in a denial of the Motion.

[3] Defendant's reliance on *Burke v. Regalado*, 935 F.3d 960, 1023 (10th Cir. 2019), for the proposition that the "common interest doctrine is a 'narrowly construed' exception to the general rule that disclosure of privileged information to a third party waives privilege" is misplaced as neither *Burke* nor the case it cites, *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999), address the common interest doctrine.

[redacted]

Defendant relies on *KPH* to argue that a [redacted] Dkt. 80 at 7-8. But *KPH* is not binding on this Court and also readily distinguishable. *KPH* was a patent case in which the patent owner, "retained full responsibility for taking all actions reasonably necessary to diligently prosecute and maintain" the relevant patents, and withheld those responsibilities from its exclusive licensee. *KPH*, 2022 U.S. Dist. LEXIS, at *25-26. In contrast, [redacted] was lacking in *KPH*, such that no privilege waiver could have occurred [redacted]

Defendant argues [redacted] Dkt. 80 at 6-7. But a trademark owner – unlike a patent owner – must legally retain the right of quality control to protect consumers. *See* 2 McCarthy on Trademarks and Unfair Competition § 18:48 (5th ed.) (trademark licensor must exercise control over the nature and quality of a licensee's goods); *Cornaby's LLC v. Carnet, LLC*, No. 2:14-cv-00462-JNP-DBP, 2017 U.S. Dist. LEXIS 130716, at *24 (D. Utah Aug. 15, 2017) (failure of trademark licensor to control quality results in abandonment of mark). Accordingly, [redacted]. Indeed, Defendant's view of the law would result in trademark licensors and licensees ***never*** qualifying for the common interest privilege because of the trademark licensor's duty to control quality. Such a result is plainly contrary to law.

Numerous decisions confirm that trademark owners and their exclusive licensees share the same legal interest sufficient to defeat privilege waiver claims. In *Major League Baseball*

*Props. v. Salvino, Inc.*, Case No. 00 Civ. 2855, 2003 U.S. Dist. LEXIS 14390 (S.D.N.Y. Aug. 19, 2003), a trademark infringement case like this one involving trademark license agreements between a professional sports league and its teams, the court held that the common interest privilege extended to communications between counsel for Major League Baseball Properties, Inc. ("MLBP"), an entity the major league baseball clubs (the "Clubs") created to register and enforce their intellectual property rights, because "MLBP and the Clubs have a common legal interest in enforcement of the Clubs' trademark rights, and the communications at issue were directly related to that interest." *Id*. at *1-3. This is ***precisely*** the same interest here. *See also Dinosaur Fin. Grp. LLC v. S&P Glob., Inc.*, No. 22-CV-1860-KPF, 2025 U.S. Dist. LEXIS 11484, at *3-4 (S.D.N.Y. Jan. 22, 2025) (recognizing common interest privilege because all parties shared a common legal interest in protecting intellectual property rights); *BBAM Aircraft Mgmt. LP v. Babcock & Brown LLC*, No. 3:20-cv-1056 (OAW), 2022 U.S. Dist. LEXIS 154791, at *10-12 (D. Conn. Aug. 29, 2022) ("the relationship between a trademark licensor and its licensee necessitates a common interest in the protection of the mark").

The identical legal interest trademark owners and their exclusive licensees share is confirmed by the fact that exclusive licensees have standing to enforce their licensors' trademark rights. *See Nestle Prepared Foods Co. v. Pocket Foods Corp.*, Civil Action No. 04-cv-02533-MSK-MEH, 2006 U.S. Dist. LEXIS 76213, at *15 (D. Col. Oct. 19, 2006) ("courts have uniformly concluded that the exclusive licensee of a trademark has the right to enforce the trademark"). [redacted] confirming the identical nature of their shared legal interest. *See, e.g.*, Defs.' Ans., Dkt. 16, *Smack Apparel Company v. Seattle Hockey Partners, LLC d/b/a Seattle Kraken, NHL Enterprises, L.P., and National Hockey League*, No. 22-cv-00044-TSSZ (W.D. Wash).

Even if [redacted] the communications would be protected by attorney client privilege. Courts recognize that the "'presence of a third-party will not destroy the attorney-client privilege if the third-party is the . . . client's agent or possesses commonality of interest with the client.'" *Graystone Funding Co. v. Network*

*Funding, L.P.*, Case No.: 2:19-cv-00383-JNP-CMR, 2020 U.S. Dist. LEXIS 263633, at *8 (D. Utah Dec. 11, 2020) (quoting *Roe v. Catholic Health Initiatives Colorado*, 281 F.R.D. 632, 637 (D. Colo. 2012)). [redacted]

Finally, [redacted] Defendant's argument that the common interest doctrine does not apply because [redacted] is of no moment. No written agreement is necessary for the common interest doctrine to apply; all that is required is that the parties have an identical legal interest. *P.J. v. Utah*, 247 F.R.D. 664, 675 (D. Utah 2007); *Carbajal v. Lincoln Benefit Life Co.*, Civil Action No. 06-cv-00884-EWN-KLM, 2007 U.S. Dist. LEXIS 86753, at *9 (D. Colo. Nov. 13, 2007). Here, [redacted]

**B. Communications [redacted] Are Also Protected From Disclosure**

Defendant's claim that Plaintiffs' privileged communications [redacted] must be produced is wrong for two reasons. Dkt. 80 at 9-11. First, attorney-client privilege protects these communications because [redacted]

First, communications with a represented party's agent are protected from disclosure. *See Bishop Rink Holdings, LLC v. CIMCO Refrigeration, Inc.*, Case No. 12-2715-JAR-KGG, 2013 U.S. Dist. LEXIS 112257, at *6 (D. Kan. Aug. 9, 2013). Here, [redacted]

[redacted] As a result, communications [redacted] remain privileged, and no waiver occurred.[4]

Second, Defendant's claim [redacted] Smith is the Chief Executive Officer of SEGH and the Executive Chairman and Co-Founder of Qualtrics, while Maughan was a high-level executive at both. *Id.*, ¶¶ 3-9. Defendant does not cite any cases holding privilege is waived [redacted] Nor does Defendant offer any evidence that [redacted]

Indeed, even if [redacted] *See United States v. Jones*, No. 24-20070-DDC, 2025 U.S. Dist. LEXIS 212285, at *25-27 (D. Kan. Oct. 28, 2025) (citing *United States v. Hudson*, No. 13-20063-01-JWL, 2013 U.S. Dist. LEXIS 126655 (D. Kan. Sept. 5, 2013)). And, Plaintiffs submitted a Declaration [redacted]

---

[4] *Utah First Fed. Credit Union v. Univ. First Fed. Credit Union*, No. 2:22-cv-00146-RJS-DBP, 2024 U.S. Dist. LEXIS 129685 (D. Utah July 22, 2024), cited by Defendant, is inapposite. There, the court held a branding consultant and its client had only a commercial interest, not a common legal interest, in connection with a rebrand. *Id.* at *33. Here, [redacted]

**C. The Attachments to [redacted] Were Properly Withheld**

Defendant also seeks to compel the production of [redacted] There are multiple flaws with this argument.

First, Defendant skips over the fact that it never asked for the production of all agreements between SEGH and NHL. Declaration of Bruce R. Ewing, Exh. 1. The closest Defendant came was in RFP 37, but that Request was limited to trademark-related agreements involving NHL, *id.*, which were produced with respect to the U.S.[5] Moreover, [redacted] Defendant said nothing [redacted] until July 16, 2026, just before fact discovery closed. Ewing Dec., ¶ 7. If these agreements were relevant, there would have been no such long delay.

Second, Defendant's argument that SEGH's [redacted] is baseless. By that logic, [redacted] Relevance does not depend on the circumstances of a contract's execution, but its subject matter, and Defendant makes no argument as to what the other agreements have to do with this U.S. trademark case.

---

[5] [redacted] have no relevance to this action because U.S. trademark law does not apply extraterritorially. *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 419-20 (2023).

*See Gatti v. Granger Med. Clinic, P.C.*, Case No. 2:19-cv-00028-PMW, 2019 U.S. Dist. LEXIS 202299, at *5 (D. Utah. Nov. 20, 2019) (quoting Fed. R. Civ. P. 26 advisory committee notes, 2000 Amendment, Subdivision (b)(1)) ("the parties and the court should 'focus on the actual claims and defenses involved in the action' when determining whether certain discovery is relevant"). Indeed, it is evident that what Defendant wants is to engage in a fishing expedition of the sort that courts prohibit. *Geometwatch Corp. v. Hall*, Case No. 1:14-cv-60-JNP-PMW, 2016 U.S. Dist. LEXIS 175371, at *7 (D. Utah Dec. 19, 2016).

## CONCLUSION

For all the foregoing reasons, the Court should deny Defendant's Motion to Compel Production of Documents.

Dated: August 12, 2026

*/s/ Michele M. Myer*
Bruce R. Ewing
ewing.bruce@dorsey.com
DORSEY & WHITNEY LLP
1301 Avenue of the Americas 13 Fl.
New York, NY 10019
(212) 415-9200

Michele M. Myer
myer.michele@dorsey.com
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
(801) 933-7360

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August 2026, a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** was served electronically upon all counsel of record via the Court's CM/ECF filing system.

*/s/ Jacqueline Ervin*