Michele M. Myer (#13815)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (212) 415-9200
Fax: (801) 933-7373
myer.michele@dorsey.com
*Attorneys for Plaintiffs*

Bruce R. Ewing (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
1301 Avenue of the Americas, Floor 13
New York, NY 10019
Telephone: (212) 415-9200
Fax: (801) 933-7373
ewing.bruce@dorsey.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **DECLARATION OF BRUCE R. EWING IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Case No.: 2:25-cv-00639-DBB-CMR<br><br>Judge David Barlow<br>Magistrate Judge Cecilia Romero<br><br>**REDACTED VERSION** |

BRUCE R. EWING, declares as follows:

1. I am a Partner with Dorsey & Whitney, LLP, counsel for Plaintiffs SEG Hockey, LLC and Uyte, LLC ("Plaintiffs") in this action. I submit this Declaration in opposition to the Motion to Compel Production of Documents filed by Defendant Mammoth Hockey, LLC ("Defendant"). Dkt. 78, 80. I am fully familiar with the facts set forth below and, if called as a witness, I could and would testify competently under oath to the following.

2. Defendant's Motion was filed on July 31, 2026, the last day when it could have been submitted under the Court's Scheduling Order. Dkt. 44, 61. On page 2 of Defendant's Motion, Dkt. 78, 80, and also in the accompanying Declaration of Gerald W. Griffin, Dkt. 78-1,

80-1, Defendant offers certain facts from which it would have the Court conclude that Defendant's delay in filing was somehow caused by Plaintiffs, but that is not the case.

[redacted] Plaintiffs served their Responses and Objections to Defendant's First Set of Requests for the Production of Documents on December 3, 2025. A true and correct copy of this document is attached as **Exhibit 1**. Between December 16, 2025 and February 16, 2026, Plaintiffs produced 69,766 pages of documents – the majority of their production to date. Included within that portion of Plaintiffs' production were redacted emails first produced on February 6, 2026 that included correspondents with [redacted] email addresses – addresses disclosed in those same emails. Thus, no later than February 6, 2026, Defendant was aware that Plaintiffs were withholding parts of communications with individuals associated with [redacted]

4. On February 16, 2026, Plaintiffs produced their initial privilege log that included all of the email communications at issue on Defendant's motion, including the communications with correspondents from [redacted] who were identified by name, although not by email address, in the log. Thus, at least by February 16, Defendant knew or should have known that Plaintiffs were withholding communications between individuals with [redacted] email addresses as privileged.

5. Notwithstanding, the first time Defendant asserted such communications were improperly withheld was on July 3, 2026, when Defendant transmitted its first letter asserting various deficiencies in Plaintiffs' discovery responses. This was also the first time that Defendant requested that Plaintiffs supply a revised privilege log that included email addresses for all correspondents. Plaintiffs supplied an amended privilege log disclosing such email addresses on July 23.

6. As of July 3, 2026, Plaintiffs had produced 74,690 pages of documents. Between July 13-27, 2026, Plaintiffs produced an additional 15,728 pages, approximately 90% of which consisted of trademark search reports, many of which concerned trademarks other than those at issue in this case. The remaining documents consisted of updated profit and loss statements for

Plaintiffs, materials obtained from the U.S. Patent & Trademark Office, and other documents produced at Defendant's request. None of the documents at issue on Defendant's motion were produced in redacted form or first identified on a privilege log after February 16, 2026.

7. The first time that Defendant requested the production of [redacted] attached to the Griffin Declaration as Exhibit B, Dkt. 78-3, 80-3, was July 16, 2026, during the deposition of John Larson. Both [redacted] were produced by Plaintiffs on February 6, 2026.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this 12th day of August, 2026

Bruce R. Ewing

# Exhibit 1

Michele M. Myer (#13815)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT
Telephone: (212) 415-9200
Fax: (801) 933-7373
myer.michele@dorsey.com

Bruce Ewing (admitted *pro hac vice*)
**DORSEY & WHITNEY LLP**
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200
Fax: (801) 933-7373
ewing.bruce@dorsey.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| UYTE, LLC and SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (NOS. 1-47)**<br><br>Civil No. 2:25-cv-00639-DBB-CMR<br><br>Judge David Barlow<br>Magistrate Judge Cecilia Romero |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Uyte, LLC and SEG Hockey, LLC ("Plaintiffs" or "SEG Hockey"), by and through their attorneys, Dorsey & Whitney LLP, hereby serve their responses and objections to the First Requests for Production of Documents (the "Requests") served by Defendant Mammoth Hockey, LLC ("Defendant"). Plaintiffs' responses and objections are based on information presently known to it, and Plaintiffs reserve the right to assert additional objections, and to supplement these responses based on information that arises subsequently.

## GENERAL OBJECTIONS

1. SEG Hockey objects to the Requests, including the definitions and instructions included therein, to the extent that they seek to impose requirements or obligations on SEG Hockey beyond those of the Federal Rules of Civil Procedure or the Local Civil Rules of the District of Utah. This general objection is incorporated by reference into every individual response set forth below, even if not specifically set forth therein.

2. As set forth more specifically below, SEG Hockey objects to the Requests, including the definitions and instructions included therein, to the extent that they seek information protected from discovery by: (a) the attorney-client privilege; (b) the attorney work-product doctrine; or (c) any other applicable privilege recognized under United States law, including, but not limited to, the common interest doctrine (the "Applicable Privileges"). This general objection is incorporated by reference into every individual response set forth below, even if not specifically set forth therein.

3. To the extent that any information or document protected by the Applicable Privileges is disclosed by SEG Hockey or its counsel, such disclosure is inadvertent and is without prejudice to, and is not a waiver of, any subsequent assertion of an Applicable Privilege by SEG Hockey as to the information or documents disclosed.

4. SEG Hockey objects to Instruction No. 2 of the Requests as beyond the scope of Fed. R. Civ. P. 26(b)(5), unduly burdensome and disproportional to the needs of this case. SEG Hockey will not comply with this Instruction.

5. SEG Hockey objects to the Requests to the extent that they seek production of "all" documents responsive to a particular Request. SEG Hockey will make a reasonable, good-

faith search for responsive documents and reserves its right to limit its search to certain custodians, search terms, and/or keywords, to be discussed between counsel for the parties.

6. These Responses are made to the best of SEG Hockey's current knowledge, information and belief, based upon a reasonably diligent inquiry. SEG Hockey's responses are based on the best information currently available to it. Discovery in this case is ongoing, and SEG Hockey's responses do not and cannot reflect information that is yet to be discovered. SEG Hockey expressly reserves its right to supplement and amend its responses as discovery progresses.

7. To the extent the Requests call for the production of documents and SEG Hockey agrees to comply with such Requests, these responses shall be construed as an agreement to produce such non-privileged, responsive documents within the parameters set forth above and below, if any, as are within the possession, custody or control of SEG Hockey and that are located after a reasonable, good-faith search. SEG Hockey reserves the right to alter, amend, or supplement any responses that it makes to the Requests, including those that concern whether materials responsive to a Request are being withheld on the basis of objections. Nothing herein shall be construed as an admission by SEG Hockey as to the relevance or admissibility at trial of any information or documents that SEG Hockey may produce. Any individual response below to the effect that SEG Hockey will produce documents responsive to a particular Request should not be viewed as an admission that such documents actually exist.

8. SEG Hockey will produce documents on a rolling basis beginning on December 16, 2025.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1:** Documents and Communications Concerning Defendant, Defendant's Mark and/or Logo, and/or Defendant's Goods including, but not limited to, Documents and Communications Concerning any trademark search reports, trademark clearance reports, investigative materials and/or reports, and/or opinion letters Concerning Defendant, Defendant's Mark and/or Logo, or Defendant's Goods.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 2:** Documents and Communications Concerning Defendant, Defendant's internet "Kickstarter Campaign" webpage at https://www.kickstarter.com/projects/1389885168/mammoth-hockey-bags).

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 3:** Documents and Communications Concerning Defendant's website, https://www.mammoth-hockey.com/ including, but not limited to, any interactions or Communications with Defendant or any orders of Defendant's Goods from Defendant's website made by You or others working on Your behalf, at Your behest or in concert with You, including any attorneys, investigators or consultants.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf," "behest," or "in concert with," which are undefined. Notwithstanding, and without waiving, the foregoing specific and general

objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 4:** Documents and Communications Concerning Defendant's social media accounts, including on Instagram ("@mammothhockey"), Facebook (https://www.youtube.com/channel/@mammothhockey3228) including, but not limited to, any interactions or Communications with Defendant through the Defendant's social media accounts by You or others working on Your behalf, at Your behest or in concert with You, including any attorneys, investigators or consultants.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf," "behest," or "in concert with," which are undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 5:** Documents and Communications Concerning Defendant's promotional activities, including, but not limited to, hockey teams and tournaments.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 6:** Documents and Communications Concerning reviews by third parties of Defendant's Goods bearing the Mark and/or Logo including, but not limited to, by Jeremy Rupke of the "Coach Jeremy" YouTube account (https:www.youtube.com/live/UDX7RK1LZxQ) at 4:52-57; Hockey Tutorial YouTube account operated by Chris Kibui and Tommy Huggett on Hockey Tutorial YouTube account (https://www.youtube.com/watch?v=Nd-6BgNviHM) at 7:27-40; and Hockey World Blog article entitled "Mammoth IPA Player Bag Review" (at https://hockeyworldblog.com/2015/06/02/mammoth-ipa-player-bag-review/).

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 7:** Documents and Communications relating to any similarities or differences between Defendant's Mark and Logo and the Plaintiffs' Accused Mark and Accused Logo including, but not limited to, comparative analyses, design briefs emphasizing differences or similarities, and legal opinions.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey states that there are no non-privileged documents responsive to this Request in its possession, custody or control.

**REQUEST NO. 8:** Documents and Communications Concerning any analyses, focus groups, surveys, investigations or other efforts conducted prior to May 7, 2025 to inquire into whether Plaintiffs' use of the Accused Mark and/or Accused Logo would potentially cause a likelihood of confusion with Defendant's Mark and/or Logos, whether conducted by You, others working on Your behalf, at Your behest, or in concert with You, including any attorneys, investigators or consultants.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf," "behest," or "in concert with" which are undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey states that there are no documents responsive to this Request in its possession, custody or control.

**REQUEST NO. 9:** Documents and Communications Concerning third-party users of marks containing the term "MAMMOTH" in connection with hockey, sports, or related Goods and Services, including but not limited to, lists or databases of third-party marks, examples or

specimens of third-party uses, and analyses of the impact of third-party uses of "MAMMOTH" on Plaintiffs' or Defendant's trademark rights.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 10:** Documents and Communications Concerning Your selection of the original twenty potential new names for Plaintiffs' hockey team as admitted by You at paragraph 18 of Your Answer to Defendant's Counterclaims including, but not limited to, any marketing research, focus groups, surveys, and analyses of potential trademark considerations with respect to all such potential names.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 11:** Documents and Communications Concerning all public surveys and/or fan voting You conducted regarding potential new names for Plaintiffs' hockey team including, but not limited to, the surveys referenced in paragraph 15 of Your Complaint, and the results of all such surveys or fan voting. Documents responsive to this Request include, but are not limited to, survey instruments and/or questionnaires, survey or voting results and date, survey and/or voting analyses and/or reports, Communications with survey vendors or consultants such as Qualtrics, media coverage of the surveys, and public comments or responses to the surveys, fan voting or Your announcements with respect to the same.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive

documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 12:** Documents and Communications Concerning Your selection of the six finalist potential team names Plaintiffs announced in June 2024 based on fan's initial voting, which were later narrowed down to four finalists, as referenced in paragraph 18 of Your Answer to Defendant's Counterclaims and paragraphs 8, 14, and 17 of the Declaration of Chris Armstrong dated October 30, 2025, and later to three finalists as reported by the NYPost.com "Utah Hockey Club down to three potential names after latest setback" by Christian Arnold dated Jan. 29, 2025. Responsive documents include, but are not limited to, survey instruments and/or questionnaires, survey or voting results and data, survey and/or voting analyses and/or reports; Communications with survey vendors or consultants such as Qualtrics; media coverage of the surveys; public comments or responses to the surveys and/or fan voting; and any marketing research, focus groups, surveys, or analyses of potential trademark considerations with respect to all such finalist names.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 13:** Documents and Communications Concerning the U.S. Patent and Trademark Office Action rejecting the Plaintiffs' trademark application for "UTAH YETIS" including, but not limited to, Communications with the NHL.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 14:** Documents and Communications Concerning Plaintiffs' and NHL's attempts to negotiate a potential "co-existence agreement" for the "UTAH YETIS" trademark as was publicly reported in an article by Greg Wyshynski posted on ESPN.com, "Utah Hockey Club to hold in-arena fan vote for permanent name" dated January 29, 2025, including, but not limited to, all Communications with the NHL and Yeti Corporation.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents and communications concerning the negotiation of a potential co-existence agreement with Yeti Corporation in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 15:** Documents and Communications Concerning Your decision not to pursue the UTAH YETI mark as the Plaintiffs' hockey team's new name and brand for team merchandise including, but not limited to, all Communications with the NHL and Yeti Corporation.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents and communications concerning the decision to not pursue the UTAH YETI mark in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 16:** Documents and Communications Concerning any Communications between Mike Lundin and You, or others working on Your behalf or at Your behest, or in concert with You, including attorneys or investigators including, but not limited to, the Communications admitted by You in paragraph 23 of Your Answer to Defendant's Counterclaims.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf," "behest," or "in concert with," which are undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 17:** Documents and Communications Concerning any Communications between You, or others working on Your behalf or at Your behest, including any attorneys, investigators or consultants, and any customers of Defendant's Goods bearing the Mark and/or Logo.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the term "working on Your behalf," which is undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey states that there are no non-privileged documents responsive to this Request in its possession, custody or control.

**REQUEST NO. 18:** Documents and Communications Concerning the June 7, 2024 Facebook post by Defendant referenced in Paragraph 25 of Your Complaint.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 19:** Documents and Communications Concerning the April 2025 LinkedIn messages between Defendant and Plaintiffs representative Rachel Moffitt referenced in paragraphs 26 and 27 of Your Complaint.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 20:** Documents and Communications Concerning and other Communications or other interactions between Defendant and You, or others working on Your

behalf, at Your behest or in concert with You, including any attorneys, investigators or consultants.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms “other interactions” or “working on Your behalf, at Your behest or in concert with You,” which are undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 21:** Documents and Communications Concerning Your decision to choose to use the Accused Mark and/or Accused Logo as the new name and brand for Plaintiffs’ hockey team and team merchandise including, but not limited to, all Communications with the NHL.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this request to the extent that a request for “all Communications with the NHL” imposes an unfair and undue burden on SEG Hockey given the volume of the information sought in view of the disputed issues in this case. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 22:** Documents and Communications Concerning the timing of when You made the decision to choose to use the Accused Mark and/or Accused Logo as the new name and brand for Plaintiffs’ hockey team and team merchandise including, but not limited to, all Communications with the NHL.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this request to the extent that a request for “all Communications with the NHL” imposes an unfair and undue

burden on SEG Hockey given the volume of the information sought in view of the disputed issues in this case. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 23:** Documents and Communications Concerning the design, development and branding of the Accused Mark and/or Accused Logo including, but not limited to, contracts, agreements and communications with Doubleday & Cartwright or any other design firm; all potential design concepts considered and any changes made thereto; all potential design mock-ups and drafts and any changes made thereto; brand identity guidelines; and Communications regarding logo design, alterations and selection.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this request to the extent that a request for "all potential design concepts considered and any changes made thereto" and "all potential design mock-ups and drafts and any changes made thereto" imposes an unfair and undue burden on SEG Hockey given the value and volume of the information sought in view of the disputed issues in this case. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, representative documents reflecting potential design concepts, changes, guidelines, and selections of the Accused Mark and Accused Logo, and will produce responsive agreements and communications with design firms in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 24:** Documents and Communications Concerning Your selection of May 7, 2025 as the "launch" date of the Accused Mark and/or Accused Logo as the new name and brand of Plaintiffs' hockey team and team merchandise including, but not limited to, Communications with Lisa Nilchian, Vice President of Marketing for the Utah Mammoth, Communications with Parker Bushnell, senior director of retail at Delta Center, and Communications with the NHL or SEG.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 25:** Documents and Communications Concerning how You launched the Accused Mark and/or Accused Logo as the new name and brand of Plaintiffs' hockey team and team merchandise on May 7, 2025 including, but not limited to, marketing materials, advertisements, and promotional items; press releases; website content and social media posts; product catalogs, brochures, and packaging; and the manufacture and design of signs bearing the Accused Mark and Accused Logo for Delta Center.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 26:** Documents and Communications Concerning the Utah PRSA event entitled "Goodbye, Utah Hockey Club. Tusks UP, Utah Mammoth" held on August 27, 2025, where Lisa Nilchan, Vice President of Marketing for the Utah Mammoth, shared "the behind-the-scenes story of launching Utah's newest NHL franchise identity" as referenced in **Exhibit A.** Responsive documents include, but are not limited to, any draft or final written presentation materials such as any Powerpoint presentations, film clips, draft speeches, team merchandise, photograph and/or recordings of Ms. Nilchian's presentation that details "[t]he journey to discovering the Utah Mammoth name, including key decisions and unexpected turns" and[h]ow the organization executed a full-scale brand launch in just over a month."

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that it seeks production of draft materials such as speeches or presentations, which are irrelevant to this action. These materials will not be produced. SEG Hockey objects to this Request as vague and

unintelligible, as no Exhibit A was appended to the Requests. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 27:** Documents and Communications Concerning the design, manufacture, preparation and delivery of all Goods bearing the Accused Mark and/or Accused Logo to Delta Center for sale by May 7, 2025.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that it seeks production of documents regarding "all Goods bearing the Accused Mark and/or Accused Logo," which are irrelevant to this action. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce representative non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 28:** Documents and Communications Concerning the "substantial media coverage" of Plaintiffs' announcement on May 7, 2025 that the new name of Plaintiffs' hockey team would be "UTAH MAMMOTH" as alleged in paragraph 16 of Your Complaint including, but not limited to, media articles, press releases, broadcasts, press kits and media materials, media monitoring reports and analyses of publicity value.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 29:** Documents and Communications Concerning or supporting the allegations in paragraph 16 of Your Complaint that "[t]he investment of time, energy and

resources expended by Plaintiffs in selecting, and then developing the UTAH MAMMOTH brand has been substantial."

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 30:** Documents and Communications Concerning all Goods and Services that have been offered for sale bearing the Accused Mark and/or Accused Logo since May 7, 2025, including, but not limited to, product lists, descriptions and pricing information.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that it seeks production of documents regarding "all Goods and Services that have been offered for sale bearing the Accused Mark and/or Accused Logo," which are irrelevant to this action. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce representative, non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 31:** Documents and Communications Concerning all Goods and Services that have been sold bearing the Accused Mark and/or Accused Logo since May 7, 2025 including, but not limited to, invoices, purchase orders, packing slips, sales reports, and/or total sales data by state, region or online sales.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that it seeks production of documents regarding "all Goods and Services that have been sold bearing

the Accused Mark and/or Accused Logo," which are irrelevant to this action. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce representative non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 32:** Documents and Communications Concerning the gross revenue derived from Goods and/or Services bearing the Accused Mark and/or Accused Logo by You, SEG, or any of Your affiliates.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce a spreadsheet sufficient to disclose the information sought in this Request.

**REQUEST NO. 33:** All Documents relating to projections or forecasts of revenue for You, SEG or any of Your affiliate from Goods or Services bearing the Accused Mark and/or Accused Logo.

**RESPONSE:** SEG Hockey objects to this Request to the extent that it is overly broad and seeks documents that are not relevant to any party's claim or defense in the action, as such projections have no bearing on any factor relevant to the issue of likely confusion or damages. SEG Hockey will not produce documents responsive to this Request.

**REQUEST NO. 34:** Documents and Communications Concerning the marketing, advertisement and promotion of Goods and Services bearing the Accused Mark and/or Accused Logo by Plaintiffs and/or their exclusive licensees as alleged in Paragraph 17 of Your Complaint, including but not limited to: marketing materials, advertisements, and promotional items; press releases; website content and social media posts; product catalogs, brochures, and packaging; and the manufacture and design of signs bearing the Accused Mark and/or Accused Logo for Delta Center.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this request to the extent that the request imposes an unfair and undue burden on SEG Hockey given the value

and volume of the information sought in view of the disputed issues in this case. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, documents including representative samples of materials such as marketing, advertisements, promotional items, press releases, website and social media content, catalogs, brochures, and signage in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 35:** Documents and Communications relating to market research conducted for Goods and Services offered under the Accused Mark and/or Accused Logo by You, others working on Your behalf or at Your behest, including any attorneys, investigators or consultants, including, but not limited to, market research and demographic studies; marketing plans identifying target audiences; customer data and analytics; and communications with marketing consultants or agencies.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf" or "behest," which are undefined. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 36:** Documents and Communications Concerning the channels of trade through which Goods or Services bearing the Accused Mark and/or Accused Logo are sold.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 37:** Documents and Communications Concerning all agreements with licensees that You, SEG and/or Your affiliates have entered into relating to Goods and/or

Services bearing the Accused Mark and/or Accused Logo as alleged in paragraph 17 of Your Complaint, including, but not limited to, agreements and Communications with SEG and/or the NHL. Responsive documents include, but are not limited to, all licensing agreements or contracts, royalty payments, lists of licensees and sales reports, sales data and/or sale projections, and Communications with respect to the same.

**RESPONSE:** SEG Hockey objects to this Request as it is overly broad and disproportionate to the needs of this action. SEG Hockey further objects to this request to the extent that a request for "[a]ll documents" imposes an unfair and undue burden on SEG Hockey given the volume of the information sought in view of the disputed issues in this case. SEG Hockey further objects to this Request to the extent that it seeks documents that are not relevant to this action. Notwithstanding, and without waiving, these objections, SEG Hockey will produce license agreements concerning the UTAH MAMMOTH Mark and Logo in its possession, custody, or control, if any, located after a reasonable and proportionate search. Other documents within the scope of this Request will not be produced based on the foregoing objections.

**REQUEST NO. 38:** Documents and Communications Concerning agreements relating to retail operations, managers or partners concerning the sale of Good and/or Services bearing the Accused Mark and/or Accused Logo including, but not limited to, retail agreements with the Delta Center team store, agreements with the NHL for online or instore sales, agreements with Fanatics to manage SEG's retail operations for team merchandise for the Utah Jazz and Plaintiffs' hockey team, distribution agreements with wholesalers or distributors, and Communications with respect to the same.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that any information relates to the Utah Jazz, which is irrelevant to this action, as well as Communications concerning all such agreements. SEG Hockey is willing to produce certain documents responsive to this Request, if it is materially narrowed, and suggests the parties meet and confer on a narrowed version of this Request.

**REQUEST NO. 39:** Documents Concerning Your corporate structure, ownership, and/or the contractual and/or financial relationships between and among Plaintiffs, SEG and any of the Plaintiffs' other affiliates Concerning Plaintiffs' hockey team and/or Goods or Services bearing the Accused Mark and/or Accused Logo, including, but not limited to, all agreements with or between those entities Concerning Plaintiffs' hockey team and/or Goods or Services bearing the Accused Mark and/or the Accused Logo.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this action to the extent that it seeks production of documents regarding "corporate structure, ownership, and/or the contractual and/or financial relationships between and among" of corporate entities and affiliates that are irrelevant to this action. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents sufficient to disclose the nature of the relationship between Plaintiffs Uyte, LLC and SEG Hockey, LLC in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 40:** Documents and Communications relating to any third-parties' belief that Defendant is affiliated with Plaintiffs' hockey team from May 7, 2025 to the present including, but not limited to, customer or third-party communications inquiring whether Defendant, Defendant's Marks or Defendant's Goods are affiliated with Plaintiffs' hockey team; communications or orders for Goods that were meant or intended for Defendant, but which were received by You, Your franchises, Your authorized retailers, Your authorized distributors or Your authorized licensees; or reports You have received from third parties, such as media representatives or news outlets, that third parties are inquiring whether Defendant, Defendant's Marks or Defendant's Goods are affiliated with Plaintiffs' hockey team.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey states that there are no documents responsive to this Request in its possession, custody or control.

**REQUEST NO. 41:** Documents and Communications Concerning any efforts to investigate, monitor, or assess whether consumers are confused between Defendant's Mark and Logo and Your Accused Mark and Logo, including but not limited to, any focus groups or surveys conducted by You, others working on Your behalf, at Your behest, or in concert with You, including any attorneys, investigators or consultants.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey further objects to this Request as vague and ambiguous with respect to the terms "behalf," "behest," or "in concert with," which are undefined. Any documents responsive to this Request dated subsequent to the filing of the Complaint in this action are privileged and will not be produced. SEG Hockey states that there are no documents responsive to this Request in its possession, custody or control dated prior to the filing of the Complaint in this action on August 1, 2025.

**REQUEST NO. 42:** Documents and Communications Concerning all facts or data considered by Dr. Itamar Simonson, and any assumptions provided by You and/or Your attorneys to Dr. Simonson, in connection with the Expert Report attached as Exhibit 1 to his Declaration dated October 30, 2025, and the survey he conducted as referenced therein.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey states that it has produced non-privileged documents in connection with its filing. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey states that Dr. Simonson's Expert Report attached as Exhibit 1 to his Declaration dated October 30, 2025 lists all of the documents upon which Dr. Simonson relied in forming his opinions in this case.

**REQUEST NO. 43:** Documents and Communications Concerning the compensation to be paid to Dr. Simonson in connection with his expert Report attached as Exhibit 1 to his Declaration dated October 30, 2025, the survey he conducted as referenced therein and his testimony in this case.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 44:** Documents and Communications Concerning any insurance coverage that You or SEG sought and/or obtained that may potentially cover the claims at issue in this litigation.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. SEG Hockey objects to this Request to the extent that it seeks production of documents that are irrelevant to this action. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 45:** Documents Concerning and/or supporting the claims, allegations or contentions set forth in Your Complaint.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 46:** Documents Concerning Your responses to Defendant's Counterclaims, as well as the defenses and affirmative defenses You assert to Defendant's Counterclaims including, but not limited to, Your assertions of laches, waiver, acquiescence, estoppel, and unclean hands.

**RESPONSE:** SEG Hockey objects to this Request to the extent it seeks the production of documents shielded by the Applicable Privileges. Notwithstanding, and without waiving, the foregoing specific and general objections, SEG Hockey will produce non-privileged, responsive documents in its possession, custody, or control, if any, located after a reasonable and proportionate search.

**REQUEST NO. 47:** All Documents You intend to use or rely upon at trial, or in support or opposition of any motion filed in this case, including Defendant's Motion for a Preliminary Injunction.

**RESPONSE:** SEG Hockey objects to this Request as premature to the extent it seeks all documents that will be relied upon at trial. SEG Hockey states that it has already produced documents it intends to use or rely upon in opposition to Defendant's Motion for a Preliminary Injunction, and it will produce any additional documents that it may use for that purpose.

DATED this 3rd day of December, 2025.

DORSEY & WHITNEY LLP

By: /s/ *Michele M. Myer*
Michele Myer
Bruce Ewing
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of December, 2025, a true and correct copy of the foregoing **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (NOS. 1-47)** was delivered via electronic mail to:

R. Jeremy Adamson
Catherine M. Maness
BUCHALTER
A Professional Corporation
60 E. South Temple, Suite 1200
Salt Lake City, Utah 84111
(801) 401-8625
jadamson@buchalter.com
cmaness@buchalter.com

Gerald W. Griffin
Leonardo Trivigno
Meredith Spelman
Jodutt Basrawi
Janice J. Kwon
CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, New York 10005
212-238-8610
griffin@clm.com
trivigno@clm.com
spelman@clm.com
basrawi@clm.com
kwon@clm.com

*Attorneys for Defendant*

*/s/ Michele M. Myer*