**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UYTE, LLC AND SEG HOCKEY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MAMMOTH HOCKEY, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [71] SHORT FORM MOTION TO COMPEL THIRD-PARTY NHL ENTERPRISES, INC. TO RESPOND TO SUBPOENA**<br><br>Case No. 2:25-cv-00639-DBB-CMR<br><br>District Judge David Barlow<br><br>Chief Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 26). Plaintiffs Uyte, LLC and SEG Hockey, LLC (Plaintiffs) filed this action seeking a declaratory judgment that they have not infringed, diluted, or otherwise violated Defendant Mammoth Hockey's (Defendant) federal or common law trademark rights (ECF 2). Before the court is Defendant's Short Form Motion to Compel Third-Party NHL Enterprises, Inc. (NHL) to Respond to Subpoena (Motion) (ECF 71). Having carefully reviewed the relevant filings (ECF 71, 83 and 100)[1] and the oral argument on November 6, 2026 (ECF 118), for the reasons set forth below, the court GRANTS the Motion, but consistent with the representations made the at the hearing, ORDERS Defendant to meet and confer with NHL to narrow the requests.

[1] Plaintiff also submitted an opposition (ECF 84) but failed to demonstrate it has standing. *See Definitive Holdings, LLC v. Powerteq LLC*, No. 2:18-CV-844 DBB DBP, 2022 WL 4536754, at *2 (D. Utah Sept. 28, 2022) ("Generally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."). The court therefore does not consider Plaintiff's opposition.

## I. LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure authorizes a party to issue and serve a subpoena for documents on a nonparty. *See* Fed. R. Civ. P. 45(c)(2)(A). The party serving a subpoena "must take reasonable steps to avoid imposing an undue burden or expense" on the nonparty. *See* Fed. R. Civ. P. 45(d)(1). If the nonparty objects to the subpoena, the serving party may move to compel production. *See* Fed. R. Civ. P. 45(d)(2)(B)(i). "The court must then consider whether the subpoena seeks information within the scope of discovery under Rule 26(b)." *See Howard v. Redpath USA Corp.*, No. 2:24-CV-00423, 2026 WL 2030134, at *3 (D. Utah July 14, 2026); *see also Definitive Holdings, LLC v. Powerteq LLC*, No. 2:18-cv-844-DBB DBP, 2022 WL 4536754, at *2 (D. Utah Sept. 28, 2022) ("[A] Rule 45 subpoena does fall within the proper scope of discovery under Federal Rule 26."); *Frappied v. Affinity Gaming Black Hawk, LLC*, No. 17-cv-01294-RM-NYW, 2018 WL 1899369, at *3 (D. Colo. Apr. 20, 2018) ("[A] subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case.").

"Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .'" *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, *1 (D. Utah May 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant' to a party's claim or defense." *Id.* (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).

"That said, if the requested discovery is 'unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive,' the court is

required to limit the frequency or extent of discovery." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). "Additionally, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' by 'forbidding the disclosure or discovery. . . .'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). The court should also consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## II. DISCUSSION

### 1. Timeliness

NHL opposes the Motion on the grounds that Defendant's subpoena is untimely because it was served on NHL following the June 1, 2026 written discovery deadline (ECF 84 at 2). Defendant argues that the subpoena is timely because it was issued on June 1, 2026, and served on June 25, 2026 in advance of the July 1, 2026 *fact* discovery deadline (ECF 100 at 3). The court has recognized that a subpoena issued prior to the close of fact discovery is timely. *See Amann v. Office of the Utah Att'y Gen*, No. 2:18-CV-00341-JNP-DAO, 2023 WL 8283855, *3 (D. Utah Nov. 30, 2023). In support of the argument that subpoenas constitute *written* fact discovery, NHL cites *Hanks v. Anderson*. *Hanks v. Anderson*, No. 2:19-CV-00999, 2023 WL 4052737, *3 (D. Utah June 16, 2023) (finding plaintiffs served their subpoena on defendant after the deadline for serving written discovery and "less than thirty days before the . . . close of fact discovery"). However, in *Hanks*, the court found that the subpoena appeared to be "an improper attempt to circumvent the requirements of Rule 34 and the court's scheduling order" because plaintiffs sought defendant's financial records and "admitted . . . they had already reached the numerical limit for serving written discovery" on defendant. *Id.* Here, the subpoena falls within the scope of Rule 45 to the extent it

is narrowed by Defendant as described below. Fed. R. Civ. P. 45. Because the subpoena was issued prior to the close of fact discovery, the court finds the subpoena to be timely.

**2. Scope**

During oral argument, Defendant and NHL disputed the content of the parties' meet and confer. After reviewing Defendant's Notice of Lodging of Email Requested by the Court (ECF 117) and NHL's Notice of Lodging of Email Requested by the Court (ECF 119), the court finds the parties discussed the narrowing of the subpoena during the meet and confer but could not reach a consensus due to the parties' dispute regarding timeliness (*see* ECF 117 at 5–6; ECF 119 at 4).

Although NHL seeks to quash Defendant's subpoenas (ECF 83 at 2–3), the court finds narrowing sufficient. *See* Fed. R. Civ. P. 45 (requiring courts to modify or quash subpoenas, on timely motions, that "subject[] . . . person[s] to undue burden"). At the hearing, NHL pointed to the *J&I Maintenance* case to support quashing the subpoena. *J&I Maint., Inc. v. J&I Maint. LLC*, No. 2:24-CV-00085, 2025 WL 743961, *3 (D. Utah Mar. 7, 2025) (quashing those of plaintiff's subpoenas which sought documentation "identical" to that which plaintiff sought in its requests for production issued to defendant but permitting plaintiff to subpoena documents separately possessed by a third party). Unlike *J&I Maintenance*, NHL has not demonstrated that the documentation sought by Defendant in its subpoena is identical to that which Defendant sought in its Requests for Production (RFPs) issued to Plaintiffs. Rather, NHL has claimed "the Subpoena is *substantially* identical" to Defendant's RFPs, and that one of the requests in Defendant's subpoena is "identical to RFP No. 5, except the request to NHL is *broader*" (ECF 71 at 63–64) (emphasis added). To the extent any of Defendant's requests are identical to those contained in its RFPs, the court orders Defendant to narrow its subpoena.

Because the court has found Defendant's subpoena timely, for the reasons mentioned above, the court finds it appropriate for Defendant to narrow the scope of its subpoena by

timeframe and scope to avoid duplication, remove all-inclusive terms, and otherwise avoid imposing an undue burden on NHL (*see, e.g.*, ECF 71 at 17, seeking "[a]ll [d]ocuments and [c]ommunications concerning Defendant . . . "). *See, e.g., Schmelzer v. IHC Health Services, Inc.*, No. 2:19-CV-00965-TS-JCB, 2022 WL 16646456, *5 (D. Utah Feb. 10, 2022) (holding that requests for "'all documents' that include 'correspondence of *any kind*' that is 'related to'" certain items to fail to meet the "reasonable particularity" standard) (emphasis in original).

The court thus orders the parties to meet and confer in an effort to reach an agreement to narrow the scope of Defendant's subpoena. *See, e.g.*, *US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-CV-00923-HCN-PMW, 2020 WL 12847147, *4 (D. Utah May 22, 2020) (directing the parties to cooperate in narrowing the defendant's subpoenas, as the court is "not in the business of drafting discovery requests"); *USA v. Xlear Inc.*, No. 2:21-CV-640-RJS-DBP, 2022 WL 5246717, *3 (D. Utah Oct. 6, 2022) (ordering defendants to redraft their subpoenas more narrowly due to the subpoenas being overbroad).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS the Motion (ECF 71) and ORDERS as follows:

1. The parties shall meet and confer within 7 days of this Order to narrow the subpoena as directed herein.
2. NHL shall comply with the subpoena within 14 days of receiving the narrowed subpoena from Defendant.

DATED this 17 November 2026.

Cecilia M. Romero

Chief Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah